Bruce ORNSTEIN, Plaintiff,

v.

PAKISTAN INTERNATIONAL AIRLINES CORPORATION, Defendant.

No. 94 Civ. 6987 (PKL).

United States District Court, S.D. New York.

May 31, 1995.

Murray Shactman, New York City, for plaintiff.

Mumtaz H. Alvi, New York City, for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

This is an action brought by Bruce Ornstein ("Ornstein") against Pakistan International Airlines Corporation ("PIA"), seeking recovery for breach of contract and intentional infliction of emotional distress. Plaintiff asserts that defendant failed to use its best efforts to carry plaintiff and his baggage with reasonable dispatch, as it contracted to do, and that defendant acted with the intent to cause, or with knowledge that it would cause, severe mental distress to plaintiff. Defendant now moves this Court for an order dismissing the action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion is granted in part and denied in part.

## BACKGROUND

It is well established that, in considering a motion to dismiss brought pursuant to Fed. R.Civ.P. 12(b), the Court must accept as true all material factual allegations in the complaint. *See, e.g., Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). Applying this standard, the facts of this case are as follows.

On or about May 13, 1992, plaintiff purchased three business class tickets for passage on defendant's flight 711 from Paris, France to New York, U.S.A.[1] Upon boarding the plane, plaintiff found the interior cabin in disrepair. Numerous panels were taped or glued back into position throughout the interior of the business class section, some of the panels were hanging loosely from the interior fuselage, one of the panels above plaintiff's seat as well as a panel immediately behind his seat were hanging precariously and exposing wires.

Plaintiff requested a transfer to the first class section of the plane, but his request was refused. Plaintiff, his girlfriend, and their infant daughter then disembarked and were forced to stand outside the plane awaiting their luggage for forty-five minutes. Upon receiving their luggage, they returned to the terminal, purchased two business class tickets on the next available flight,[2] traveled to a different airport, and waited four and one-half hours to board their new flight. When plaintiff attempted to obtain a refund of the ticket price from defendant, his request was refused. Plaintiff then brought the instant action.

## DISCUSSION

### A. *Undue Delay*

■ Defendant contends that the instant action is barred by the two-year limitations period of the Warsaw Convention.[3] Defendant observes that the instant action arises from the conduct of PIA on May 23, 1992, and that the complaint is dated July 11, 1993 [sic], and the summons is dated July 13, 1993 [sic]. *See* Memorandum of Law of Defen-

---

1. The tickets were for plaintiff, his infant daughter, and his daughter's mother.

2. The new tickets cost $3,000.

3. The Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, reprinted in note following 49 U.S.C.A. § 1502 (1976); *see also* USCS Administrative Rules of Procedure, Warsaw Conv. Art. 1–41 (1983).

dant Pakistan International Airlines ("Defendant Mem.") at 4.[4] Defendant argues that any allegation of the complaint governed by the Warsaw Convention must be dismissed.[5]

Defendant next asserts that to the extent that plaintiff seeks to recover damages for a delay in his transportation, the Warsaw Convention applies.[6] Plaintiff does not dispute this point. Rather, he explicitly states that he "does not seek damages because his arrival time in New York was delayed beyond what was originally scheduled." *See* Plaintiff's Memorandum of Law ("Plaintiff Mem.") at 2.[7]

Defendant proceeds to argue that the entirety of plaintiff's action is nothing more than a claim for delay, and consequently that the whole action should be dismissed as time-barred. Defendant focuses on the allegation in plaintiff's complaint which states that the carrier failed to use its best efforts to carry the passenger and baggage with reasonable dispatch. Particularly, defendant concentrates on the term, "with reasonable dispatch."

Defendant's interpretation of the complaint, however, is not the only one possible. The complaint can reasonably be read to assert that defendant failed to use best efforts to carry the passenger. If so read, the complaint adequately states a claim against defendant without alleging undue delay. If plaintiff's allegation is true, defendant would have breached its contract in a manner that does not implicate Article 19 of the Warsaw Convention.

This Court will not narrowly construe plaintiff's complaint to state only a cause of action for undue delay. Consequently, this Court must deny defendant's motion to dismiss the entire claim as time-barred by the provisions of the Warsaw Convention.

## B. *Breach of Contract*

■ Plaintiff asserts that defendant violated its basic agreement to supply safe and airworthy passage.[8] In addition, plaintiff alleges facts which, if true, adequately state a claim for breach of contract. The Court finds that plaintiff's breach of contract claim does not fall within the ambit of the Warsaw Convention, and consequently is not time-barred by the two-year statute of limitations period of the Warsaw Convention.[9]

Defendant argues that even "assuming the existence of an agreement to safely transport Plaintiff in an 'airworthy' craft, the Complaint simply does not allege any breach of that agreement, whatsoever." Defendant Mem. at 6–7. This Court disagrees. The Court finds that an allegation that numerous panels were taped or glued back into position throughout the interior of the business class section, that some of the panels were hanging loosely from the interior fuselage, that one of the panels above plaintiff's seat as well as a panel immediately behind his seat were hanging precariously and that wires were exposed, sufficiently states a claim for breach

---

4. Defendant correctly states elsewhere that the summons was dated July 13, 1994, and the complaint dated July 11, 1994. *See* Defendant Mem. at 1.

5. The "right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." *Bazzy v. Royal Jordanian Airlines*, 1992 WL 106381, *3 (E.D.N.Y.1992) (Weinstein, J.).

6. Article 19 of the Warsaw Convention states, "[t]he carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods."

7. Plaintiff also states that he "seeks no damages from delay, in fact no delay is alleged in reaching the final destination." Plaintiff Mem. at 3.

8. Plaintiff states that he simply seeks "damages for the non-performance or negligent performance of defendant's contractual obligations." *See* Defendant Mem. at 3.

9. "[T]he Convention does not 'exclusively regulate' the relationship between passenger and carrier on an international flight, but rather sets limits on and renders uniform certain of the aspects of that relationship.... Thus, it would seem to follow that if the Convention ... does not apply, it leaves liability to be established according to traditional common law rules." *Husserl v. Swiss Air Transport Co.*, 351 F.Supp. 702, 706 (S.D.N.Y.1972), *aff'd*, 485 F.2d 1240 (2d Cir.1973) (citations omitted).

of an agreement to provide safe transport in an airworthy craft.[10]

C. *Intentional Infliction of Emotional Distress*

■ Defendant contends that plaintiff's claim for intentional infliction of emotional distress was brought more than one-year after the conduct giving rise to the claim, and therefore should be dismissed as time-barred.[11] Plaintiff does not contest this issue, and in fact, states that he does not bring a claim for intentional infliction of emotional distress independent of his claim for breach of contract.[12]

Accordingly, this Court must grant defendant's motion to dismiss plaintiff's complaint to the extent that it alleges intentional infliction of emotional distress as a cause of action distinct from plaintiff's breach of contract claim.[13]

## CONCLUSION

This Court finds that plaintiff states a cause of action for breach of contract which is not preempted by the Warsaw Convention. To the extent that plaintiff brings an independent cause of action for intentional infliction of emotional distress, however, such claim is time-barred. Accordingly, defendant's motion to dismiss plaintiff's first cause of action is denied, but defendant's motion to dismiss plaintiff's second cause of action is granted.

**SO ORDERED.**

---

10. The Court finds equally without merit defendant's contention that any breach was insubstantial and did not defeat the object of the contract.

11. New York's statute of limitation for intentional infliction of emotional distress is one year. *See* N.Y.C.P.L.R. 215(3).

12. Instead, plaintiff argues that his emotional distress claim is simply part of his breach of contract claim. He states that although mental suffering from a breach of contract is not generally permitted as a subject of compensation, it should be allowed when the suffering caused results from the breach of some special duty owed to the plaintiff, such as the duty of a carrier. The Court, however, need not reach this issue because it finds that plaintiff's breach of contract claim, as a whole, should not be dismissed on the instant motion.

13. As a final matter, in conjunction with the instant motion, plaintiff has submitted a sur-reply, Plaintiff's Sur–Reply and Affidavit ("Plaintiff Sur–Reply"). In his sur-reply, plaintiff requests that the pleadings be amended to include an additional affidavit attached to the sur-reply. *See* Plaintiff Sur–Reply. The Court finds plaintiff's request to be not properly made upon motion to defendant. *See* Local Civil Rule 3(c)(2). In addition, the purported motion fails to include a supporting memorandum of law setting forth authority for the proposed amendment. *See* Local Civil Rule 3(b). Accordingly, the request is denied.